STATE OF VERMONT
CHITTENDEN SUPERIOR COURT



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

APR — 1 2002

DIANE A LAVALLEE
CLERK

DOCKET #S1458-01 CnC

## ENTRY ORDER

## CRYSTAL McCARTHY v. RUTH FITZGERALD

This case came before the Court on March 26, 2002 for oral argument on an appeal from a judgment of the Small Claims Court entered November 16, 2001 in Docket #S1051-01 CnSc. The Court has read the informal transcript of the hearing below, listened to the tape of the hearing below, reviewed the Appellant's and Appellee's memoranda, and heard oral argument. Appellant is represented by Carrie J. Legus, Esq. Appellee is represented by Carey Rose, Esq.

The Plaintiff-Appellee's claim in the case was for damage to her car from an auto accident in which she claimed the Defendant-Appellant was at fault. The Defendant-Appellant filed an Answer in which she disputed the claim, stating that, "Ruth Fitzgerald hit my vehicle," and denying that the responsibility for the accident was hers. At the hearing, Plaintiff-Appellee was represented by an attorney, and Defendant-Appellant was not. The presiding Judge conducted the examination of the witnesses, as authorized by V.R.C.P. 80.3(i). At the conclusion of the hearing, the Judge announced her decision that the Plaintiff's version of the accident was more credible than the Defendant's, and judgment was issued for the Plaintiff for an amount representing the cost of repair and cost of a rental replacement vehicle during repairs.

Defendant-Appellant appeals on two grounds: that the Judge failed to adequately assist her to develop her evidence at trial, and that the findings were inadequate and not sufficient to support the judgment.

Development of evidence at trial

Under V.R.C.P. 80.3(i), a Small Claims Court Judge "shall conduct the examination of the witnesses, but shall allow the parties or their attorneys to supplement the examination subject to the court's authority to protect a pro se litigant against unfair imposition or unconscionable advantage. . . . The court shall assist the litigants in developing relevant and reliable evidence." Review of the record shows that while the Judge asked Defendant-Appellant a number of questions about her claim, the questions were posed in primarily a cross-examination mode, in which the Judge was seeking answers to limited questions she framed, and did not give the Defendant as witness the opportunity to give an open-ended explanation of the facts from her point of view. While she did ask the Defendant, prior to issuing a ruling, "Is there anything else that you would like to say?", this was a wrap-up question that came at the end after the Judge had completed her role in asking questions. During the portion of the trial devoted to the Defendant's "side of the story", the Judge had not given the Defendant an opportunity to explain all the facts, including facts presented by the Plaintiff, from the Defendant's perspective.

1

This is particularly important because of the fact that the Complaint and Answer set up a possible comparative negligence situation. The Defendant, as a pro se litigant, would not have known the language for that, and it was not in the interest of the Plaintiff for the Plaintiff's attorney to have raised it. It could only have been recognized by the judge, and it is the judge's obligation when dealing with pro se litigants to recognize the nature of the legal claims they raise, even though the litigants themselves are not able to label them in legal terms. As part of her obligation to protect a pro se litigant, the judge had an obligation in this case to make sure that the pro se Defendant had an opportunity to tell her side of the story completely, including the presentation of facts or additional details about which the Judge may not have known, thereby limiting her ability to ask all the relevant questions. It was also the Judge's obligation to recognize the possibility that both parties may have been negligent, and to conduct the examination of witnesses in a manner that would draw out all evidence relevant to a comparative negligence defense. The questioning done in this case was terminated before the Defendant had the opportunity to present all pertinent evidence, and before the Judge explored evidence relating to comparative negligence. Therefore, it should be remanded for further development of evidence for these two purposes.

Inadequate findings

As noted above, Defendant's Answer set forth not only denial of liability, but also a defense that the Plaintiff herself was responsible for the accident at least to a degree significant enough to negate any responsibility on the part of the Defendant. Thus she raised a comparative negligence defense in addition to a denial. The Judge's findings show that this was not addressed in the findings and conclusions. The case must be remanded for consideration of this issue.

WHEREFORE, the judgement is *reversed* and the case is *remanded* to the Small Claims Court for further hearing for the reopening the evidence to include, at a minimum, giving Defendant-Appellant an opportunity for presentation of her evidence in a more open-ended fashion, and for findings and conclusions that take into consideration all the evidence, including the additional evidence presented on remand, and that address the Appellant's comparative negligence claim.

_____          April 1st, 2002
SUPERIOR COURT JUDGE                                                      DATE

COPIES SENT TO:

2